JOHN A. O'KEEFE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 102457. Promulgated April 24, 1941.

*James A. O'Callaghan, Esq.*, for the petitioner.
*Alvin B. Peterson, Esq.*, for the respondent.

OPINION.

MURDOCK: The respondent now concedes that the partnership sustained a loss of $38,700 from the disposition of the mortgaged premises. He contends, however, that the loss was a capital loss which entitles the partnership to a deduction of only $2,000. The petitioner cites the case of *W. W. Hoffman*, 40 B. T. A. 459, where the taxpayer was allowed a deduction for loss upon the abandonment of property, but that case is distinguishable from the present case because there the taxpayer was not personally liable for the debt, whereas, here, the petitioner and his partner were personally liable. The principal contention of the petitioner seems to be that the transaction whereby the mortgaged premises were disposed of was not a sale or exchange within the meaning of section 117 (a). He cites on this proposition *Polin* v. *Commissioner*, 114 Fed. (2d) 174. The taxpayer in that case voluntarily surrendered property subject to a debt for which he was not personally liable. That case is distinguishable from the present case on the same grounds that the *Hoffman* case is distinguishable. Although the taxpayer here was personally liable for the payment of the debt, he argues that his case is not substantially different from the *Polin* and *Hoffman* cases because of his insolvency. His argument is that, since he was insolvent and since the value of the property was not greater than the amount of unpaid taxes, there really was no consideration for the surrender of the property. This petitioner was not in bankruptcy and was earning a large salary. Furthermore, he was acting with his partner and there is no evidence that his partner was insolvent or that the partnership was insolvent. The release of an insolvent person from liability may be consideration for a transfer just as the release of a solvent person, even though it may benefit the former less than the latter. The petitioner and his partner bargained with the mortgagee and gave a quitclaim deed for the property as consideration for their release from further liability on the mortgage and notes. Similar transactions have been held sales

or exchanges within the meaning of section 117 (a) and the deductions limited to $2,000. *Rogers* v. *Commissioner*, 103 Fed. (2d) 790; certiorari denied, 308 U. S. 580; *Pender* v. *Commissioner*, 110 Fed. (2d) 477; certiorari denied, 310 U. S. 650; *Gransden & Co.* v. *Commissioner*, 117 Fed. (2d) 80; and *Warren* v. *Commissioner*, 117 Fed. (2d) 82. Cf. *Helvering* v. *Nebraska Bridge Supply & Lumber Co.*, 312 U. S. 666. This case is not distinguishable from that group of cases.

The petitioner cites and relies upon *Bingham* v. *Commissioner*, 105 Fed. (2d) 971. That case has been distinguished heretofore from cases like the present on the ground that it involved a mortgagee who was claiming a deduction for a bad debt on notes of the mortgagor, and who did not sell those notes when he returned them to their maker in exchange for the property, since those notes in the hands of the maker amounted to nothing whatsoever. *Pender* v. *Commissioner, supra.* Cf. *Commissioner* v. *Electro-Chemical Engraving Co.*, 110 Fed. (2d) 614, affirmed 311 U. S. 513. It may be distinguished from the present case on the same grounds. Furthermore, if the *Bingham* case is not thus distinguishable from a case like the present, it would then seem to be contrary to the recent decisions of the Supreme Court in *Helvering* v. *Hammel*, 311 U. S. 504, and *Commissioner* v. *Electro-Chemical Engraving Co., supra.*

*Decision will be entered under Rule 50.*